**Mamadou NIMAGA, Petitioner,**

v.

**Loretta E. LYNCH, United States Attorney General, Respondent.**

No. 14–2492.

United States Court of Appeals, Second Circuit.

Feb. 8, 2016.

Mamadou Nimaga, pro se, Bronx, NY, for Petitioner.

Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Emily Anne Radford, Assistant Director; Erica B. Miles, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: RICHARD C. WESLEY, PETER W. HALL, CHRISTOPHER F. DRONEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Mamadou Nimaga, who claims to be a native and citizen of the Ivory Coast, seeks review of a June 10, 2014, decision of the BIA affirming an April 11, 2012, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mamadou Nimaga,* No. A099 568 266 (B.I.A. June 10, 2014), *aff'g* No. A099 568 266 (Immig. Ct. N.Y. City Apr. 11, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the basis for denying relief that was not considered by the BIA (the untimely filing of the asylum application). *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165–66 (2d Cir.2008).

The agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). This Court "defer[s] ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin,* 534 F.3d at 167. Here, the agency's adverse credibility determination is supported by substantial evidence.

The agency relied, in part, on Nimaga's unresponsive and hesitant demeanor in finding him not credible, a finding to which we give deference. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Tu Lin v. Gonzales,* 446 F.3d 395, 400–01 (2d Cir. 2006). Moreover, the adverse credibility determination is supported by numerous inconsistencies. *See id.* at 402. His explanations for those inconsistencies were not compelling. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Having questioned Nimaga's credibility, the agency reasonably relied further on his failure to provide certain corroborating evidence to rehabilitate his testimony.

Given the demeanor, inconsistency, and lack of corroboration findings, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin,* 534 F.3d at 165–67. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.